**RIVARD GRAPHICS SUPPLY & EQUIPMENT, INC.,**
Plaintiff,

v.

**HULL PRINTING COMPANY, INC., Defendant.**

**No. 3:97 CV 1376(GLG).**

United States District Court,
D. Connecticut.

Feb. 18, 1998.

 

Elizabeth J. Stewart, April Lieberman, Murtha, Cullina, Richter & Pinney, New Haven, CT, for Plaintiff.

Craig S. Taschner, Rome McGuigan Sabanosh, Hartford, CT, for Defendant.

## RULING AND ORDER

GOETTEL, District Judge.

Defendant, Hull Printing Company, Inc., has moved this Court for an order staying judicial proceedings pending arbitration (**Document #13**) between defendant and plaintiff, Rivard Graphics Supply & Equipment, Inc. ("Rivard"). For the reasons discussed below, defendant's motion is GRANTED.

## BACKGROUND

Plaintiff's six-count complaint arises from an Electronic Imaging Equipment Agreement (the "Agreement") between plaintiff and defendant. Pursuant to the Agreement, plaintiff agreed to sell and defendant agreed to buy, among other things, a Crosfield Celix C4000 ImageSetting System (the "C4000 System"), an MS750 PostScript Upgrade Solution (the "MS750 Upgrade"), and supplies. Plaintiff alleges claims for breach of contract and unjust enrichment, and seeks to recover payment for the C4000 System, the MS750 Upgrade, and the supplies. Defendant filed an answer with affirmative defenses and counterclaims, claiming in part that the C4000 System failed to perform. Defendant subsequently filed this motion for a stay pending arbitration which raises the issue of whether the parties' dispute is covered by the Agreement's arbitration clause.

Section seven of the Agreement provides: *Dispute Resolution.* In the event of any dispute or problem relating to the performance of Equipment, Customer [defendant], Rivard and DuPont shall first confer. Thereafter, or if either party fails to meet to confer, any controversy or claim by Customer *arising out of or relating to the performance of Equipment* shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association .... *This arbitration agreement shall not ap-*

ply to claims by Rivard against Customer [defendant] to seek payment for Equipment or other products.

Compl. Ex. A, § 7, at 3 (emphasis added). Plaintiff argues that its payment claims are not covered by the arbitration clause because the Agreement specifically excludes these claims from arbitration. Defendant contends, however, that the matter is arbitrable because the underlying dispute stems from the nonperformance of certain equipment.

## DISCUSSION

■ As embodied in the Federal Arbitration Act, 9 U.S.C. § 1 *et seq* . (1970 & Supp.1997), federal policy strongly favors enforcement of arbitration clauses. *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.,* 923 F.2d 245, 248 (2d Cir.), *cert. dismissed,* 501 U.S. 1267, 112 S.Ct. 17, 115 L.Ed.2d 1094 (1991). Accordingly, a district court should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* at 250 (citations omitted). If, however, only some of the claims are arbitrable, a district court has discretion to decide whether to stay the balance of the proceedings pending arbitration. *Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 856 (2d Cir.1987).

To determine whether to stay proceedings pending arbitration, the Second Circuit has developed a four-part analysis.

[F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then determine whether to stay the balance of the proceedings pending arbitration.

*Genesco,* 815 F.2d at 844. The parties agree that only the second and fourth prongs are issues in the present dispute. We address each in turn.

The Agreement's arbitration clause provides that the parties will arbitrate "any controversy or claim by [defendant] arising out of or relating to the performance of Equipment." We note that this arbitration clause is unlike a broad clause [1] which is presumptively arbitrable. *Prudential Lines, Inc. v. Exxon Corp.,* 704 F.2d 59, 64 (2d Cir.1983). The arbitration clause also excludes any claims by plaintiff against defendant that "seek payment for Equipment or other products."

■ Plaintiff argues that its claims with respect to the C4000 System, the MS750 Upgrade, and the supplies are for breach of contract and unjust enrichment based on defendant's nonpayment, and therefore the entire matter is nonarbitrable. Despite plaintiff's attempt to cast the arbitration issue in terms of its legal causes of action, we find that the facts underlying certain of plaintiff's claims involve issues of performance. If the facts underlying the claims touch matters covered by the arbitration clause, "those claims must be arbitrated, whatever the legal labels attached to them." *Genesco,* 815 F.2d at 846.

We also reject plaintiff's argument because its application would result in the exclusionary provision of the arbitration clause swallowing the general agreement to arbitrate. Plaintiff urges this Court to find that the parties intended all claims involving payment to be decided in a judicial forum. Plaintiff further asserts that "[i]t follows that any defenses to payment issues should also be tried in [c]ourt to be consistent with the parties' intentions." If we adopted plaintiff's logic, buyers of Rivard's equipment would never be able to submit their performance claims to arbitration if Rivard raced to the courthouse before them in order to file a complaint based on the buyers' nonpayment. We refuse to determine the applicability of an arbitration clause based on which party sues first.

■ Examining the claims in plaintiff's complaint, we find that Counts One, Three,

---

1. The paradigm of a broad arbitration clause is one which provides that the parties will submit to arbitration "any claim or controversy arising out of or relating to the agreement." *Collins & Aikman Prods. Co. v. Building Sys., Inc.,* 58 F.3d 16, 20 (2d Cir.1995).

Four, and Six should be submitted to arbitration because they raise performance issues which fall within the scope of the Agreement's arbitration clause. Counts One and Four pertain to the C4000 System, which defendant claims failed to perform. Counts Three and Six relate to supplies purchased by defendant which it contends were purchased in connection with the installation of the C4000 System. Accordingly, the facts underlying the claims on the supplies support a finding that these claims are covered by the arbitration clause relating to performance issues. Thus, we stay judicial proceedings on Counts One, Three, Four, and Six pending resolution of these claims in arbitration.

 Counts Two and Five concern the MS750 Upgrade for which defendant does not raise performance issues. Instead, the facts underlying the claims on Counts Two and Five relate to payment terms, and therefore fall within the exclusionary clause of the arbitration agreement. Defendant requests that judicial proceedings on these claims be stayed pending arbitration of the other claims. When deciding whether to stay the balance of an action, a district court should consider "if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit," in which case imposing a stay is generally appropriate. *Genesco*, 815 F.2d at 856. Because we find that issues relating to the C4000 System and the supplies predominate the lawsuit, both in quality and quantity, we hereby exercise our discretion to stay the remainder of the claims concerning the MS750 Upgrade.

## CONCLUSION

For the foregoing reasons, defendant's motion (**document # 13**) is granted. The parties are ordered to submit Counts One, Three, Four, and Six to arbitration pursuant to section seven of the Agreement. All further proceedings in this action are hereby stayed pending the outcome of the arbitration of these claims.

SO ORDERED.